IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY L. CARTER, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-11-1775 |
| | § | |
| RICK THALER, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is

Respondent's Motion and Supplemental Motion for Summary Judgment (Document Nos. 8 & 15)

against Petitioner's Amended Federal Application for Writ of Habeas Corpus (Document No. 13).

Also pending is Petitioner's Cross Motion for Summary Judgment (Document No. 11). Having

considered Respondent's Motion and Supplemental Motion for Summary Judgment, Petitioner's

Cross Motion for Summary Judgment, the claims raised by Petitioner in his amended § 2254

Application for Writ of Habeas Corpus (Document No. 13), the state court records, and the

applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that

Respondent's Motion and Supplemental Motion for Summary Judgment (Document Nos. 8 & 15)

be GRANTED, that Petitioner's Cross Motion for Summary Judgment (Document No. 11) be

DENIED, and that Petitioner's Federal Application and Amended Application for Writ of Habeas

Corpus (Document Nos. 1 & 13) be DENIED and DISMISSED WITH PREJUDICE.

## I.  Introduction and Procedural History

Casey Carter ("Carter") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") as a result of a 2010 felony conviction for aggravated robbery in the 12th District Court of Walker County, Texas, Cause No. 24672A-1. Carter was charged by Indictment with that offense on May 19, 2009, pled guilty on April 15, 2010, and was sentenced to forty years incarceration.[1] Carter did not appeal. Instead, on November 19, 2010, he filed a state application for writ of habeas corpus. That application was denied by the Texas Court of Criminal Appeals without written order on April 13, 2011. *Ex Parte Carter*, Application No. WR-75,284-02. This § 2254 proceeding, filed by Carter on or about May 6, 2011, followed. (Document No. 1). Carter later amended his § 2254 application (Document No. 13), and the State was ordered to respond (Document No. 14). This § 2254 proceeding is now ripe for ruling.

## II.  Claims

Carter raises three claims in this proceeding:

1. that his privilege against self incrimination was violated when (a) his parents were not notified that he was in custody, as was required by § 52.02 of the Texas Family Code; (b) the State failed to suppress his incriminating custodial statements, as was required by § 38.22 of the Texas Code of Criminal Procedure; (c) the State failed to allow his attorney to be present during the custodial interrogation despite his requests for an attorney;

---

[1] Carter was also charged by Indictment with a separate aggravated robbery offense in the 349th District Court of Houston County, Texas, Cause No. 09cr129. He pled guilty in that case on June 24, 2010, and was sentenced to forty years incarceration, with the term to run concurrent with the term of imprisonment in this case. As is relevant to this case, Carter challenged his conviction in Cause No. 09cr129 in a § 2254 Application for Writ of Habeas Corpus he filed in the Eastern District of Texas, raising essentially the same claims he raises herein. That application was denied on September 19, 2011. *See Carter v. Director*, TDCJ-CID, Civil Action No. 9:11cv87 (E.D. Tex. Lufkin Division) (Document Nos. 12, 17, 18).

2. that he was denied due process when (a) the State failed to notify his parents that he was in custody; (b) the State failed to take him before Magistrate Judge to be advised of his rights; and (c) the State refused to allow his counsel to be present after he requested the assistance of counsel; and

3. that his attorney was ineffective for failing to file a proper motion to suppress his incriminating custodial statements, and that counsel's ineffectiveness led to an unknowing and involuntary guilty plea.

Respondent argues that Carter waived his first two claims when he pled guilty. As for his ineffective assistance of counsel claim, Respondent maintains that the juvenile protections in the Texas Family Code did not apply to Carter, who was seventeen years old on the date of the offense, and therefore his attorney had no viable complaint to make under the Family Code.

## III.   **Discussion**

Carter raised each of the claims he raises herein in a state application for writ of habeas corpus. That application was denied by the Texas Court of Criminal Appeals without written order, which denial constitutes an adjudication of the claims on the merits. *See Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (denial of a state application for writ of habeas corpus denotes that Texas Court of Criminal Appeals addressed and rejected the merits of an applicant's claims), *cited with approval in Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041 (1999). Given that adjudication of the claims, review in this § 2254 proceeding is limited as follows:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an

3

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'" *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "State-court decisions are measured against [the Supreme Court's] precedents as of 'the time the state court renders its decision.'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1399 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)). Similarly, state court decisions are reviewed under § 2254(d) by reference to the facts that were before the state court at the time. *Id.* ("It would be strange to ask federal courts to analyze whether a state court adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

4

For factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, ___ U.S. ____130 S.Ct. 841 849(2010). Instead, factual determinations made by state courts carry a presumption of correctness and federal courts on habeas review are bound by them unless there is clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000). *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd*, 541 U.S. 913 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786-787 (2011). Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Woodford*, 537 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). This is true regardless of whether the state court rejected the claims summarily, or with a reasoned analysis. *Cullen*, 131 S.Ct. at 1402 ("Section 2254(d) applies even where there has been a summary denial."). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fairminded

5

jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Richter*, 131 S.Ct. at 786.

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted); *see also Price*, 538 U.S. at 641 ( "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'") (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)). Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004). A habeas petitioner can only overcome § 2254(d)'s bar "by showing that 'there was no reasonable basis'" for the state court's rejection of his claim(s). *Cullen*, 131 S.Ct. at 1402 (quoting *Richter*, 131 S.Ct. at 784)).

### A.     Self incrimination and due process claims (claims one and two)

In this first two claims, Carter complains about the incriminating custodial statements he made to Officer Wagner while in he was in the Anderson County Juvenile Detention Center.

According to Carter, those statements were not admissible because: (1) his parents were not notified that he was in custody, as is required by provisions of the Texas Family Code, (2) he was not taken before a magistrate judge to be advised of his rights prior to the statements being made, and (3) he was not afforded an attorney at the time the statements were made despite his requests for one. Respondent argues that both the Fifth Amendment self incrimination claim and the Fourteenth Amendment due process claim were waived by Carter upon his entry of a guilty plea.

When a defendant pleads guilty, all non-jurisdictional defects and claims are waived, including claims that a confession was involuntary. *Rogers v. Maggio*, 714 F.2d 35, 38 (5th Cir. 1983). "By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). The only viable claim that can be raised once a guilty plea is entered is a challenge to knowing and voluntary nature of the guilty plea itself. *Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973).

Here, because Carter pled guilty, he waived any self-incrimination and due process claim he may have had. Accordingly, the Texas Court of Criminal Appeals' rejection of those two claims is not contrary to, or based on an unreasonable application of clearly established federal law. No relief is available to Carter on either claim under § 2254(d).

**B.    Ineffective assistance of counsel claim (claim 3)**

In his third claim, which is contained in his Amended Application for Writ of Habeas Corpus (Document No. 13), Carter contends that his attorney was ineffective for failing to file a "proper" motion to suppress his incriminating statements. According to Carter, those statements, along with his attorney's failure to suppress them, resulted in him pleading guilty when he would otherwise not

7

have.

Other than his assertion that his custodial statements were not admissible because he was a juvenile and his parents were not advised that he was in custody, and because he was not afforded an attorney when he asked for one, Carter has not articulated the basis for a "proper" motion to suppress his statements. In addition, with respect to those two bases he has articulated, neither would have resulted in the suppression of the incriminating statements.

Carter's reliance on section 52.02 of the Texas Family Code for challenging his incriminating statements is baseless. The Texas Family Code provisions relied upon by Carter, including section 52.02, apply to "a child" – that is, "a person who is (A) ten years if age or older and under 17 years of age; or (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age." TEX. FAMILY CODE § 51.02(2) (Vernon 2009). Here, at the time the offense at issue was committed (June 10, 2008), at the time the incriminating statements were made (June 20, 2008), and at the time Carter pled guilty (April 15, 2010), Carter was seventeen years old, or older.[2]

As for Carter's assertion that counsel should have sought to suppress his statements on the basis that he was not afforded an attorney during the custodial interrogation despite his request for one, Carter has not shown that this was a viable basis for a motion to suppress. Moreover, the record shows that Carter's attorney, in a related, but separate case, did file a motion to suppress the same

---

[2] Carter was born on May 21, 1991, and was, at both the time of the offense and the time he made the incriminating statements, seventeen years old.

statements at issue herein.[3]  A hearing was held on that motion on March 10, 2010, after which the motion was denied.  *See Ex Parte Carter*, Application No. WR-75,284-01 at 35.  Carter has not shown how a motion to suppress the statements in this case would have yielded a different result. In addition, he has not made a showing that his guilty plea was either unknowing or involuntary.

The record shows that Carter entered a guilty plea on April 15, 2010.  *See Ex Parte Carter*, Application No. WR-75,284-01 at 24-28.  In connection therewith, he was fully admonished about the rights he was waiving, the effect of his guilty plea, and the sentence he faced.  *Id.*  The record shows that the guilty plea was entered both knowingly and voluntarily, with the state trial judge making a finding to that effect. *Id.* at 28 ("The Court finds that the Defendant is mentally competent to stand trial, that all of the defendant's statements were freely and voluntarily made, that the defendant's plea was freely and voluntarily entered, and the Court hereby approves the foregoing stipulations and waivers and orders same to be included in the papers and records of this case."). Given that state court finding, which is presumed correct because Carter has not rebutted the finding with clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), there is no merit to Carter's claim that his attorneys' alleged ineffectiveness relative to the filing of a motion to suppress resulted in the entry of an unknowing or involuntary plea.  As such, the Texas Court of Criminal Appeals' rejection of that ineffectiveness claim is not contrary to, or based on an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.[4]  Nor is the

---

[3] The incriminating statements were alleged to have been made by Carter to Officer Sammy Wagner on June 20, 2008, while Carter was in the Anderson County Juvenile Detention Center on a probation violation allegation. *See Ex Parte Carter*, Application No. WR-75,284-01 at 1-2; *Ex Parte Carter*, Application No. WR-75,284-02 at 14-15.

[4] Claims of ineffective assistance of counsel are generally assessed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and *United States v. Cronic*, 466 U.S. 648

rejection of the claim based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Under § 2254(d), no relief is available to Carter on his ineffective assistance of counsel claim.

## IV.   Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Respondent's Motion and Supplemental Motion for Summary Judgment (Document Nos. 8 & 15) be GRANTED, that Petitioner's Cross Motion for Summary Judgment (Document No. 11) be DENIED, and that Petitioner's Application and Amended Application for Writ of Habeas Corpus (Document Nos. 1 & 13) be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

---

(1984).  When a defendant pleads guilty, however, the standard by which counsel's conduct is judged is somewhat different.  A defendant's trial counsel has the duty of ensuring that the defendant's plea is knowingly and voluntarily made.  *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984); *Hill v. Estelle*, 653 F.2d 202, 206 (5th Cir.), *cert. denied*, 454 U.S. 1036 (1981).  If a petitioner claims that counsel has not discharged this duty, habeas relief is available *only* if the petitioner can establish that counsel's performance in connection with the plea was deficient or incompetent, and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987).

1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 17th day of January, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

11